Singh v. Lynch

BIA
Poczter, IJ
A200 625 215

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand sixteen.

PRESENT:
JOSÉ A. CABRANES,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

HARPREET SINGH,
        *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

14-4288(L),
15-3021(Con)
NAC

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Harpreet Singh, a native and citizen of India, seeks review of (1) the October 17, 2014, decision of the BIA, affirming a May 29, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Harpreet Singh,* No. A200 625 215 (B.I.A. Oct. 17, 2014), *aff'g* No. A200 625 215 (Immig. Ct. N.Y. City May 29, 2013), and (2) the August 27, 2015, decision of the BIA denying his motion to reopen, *In re Harpreet Singh,* No. A200 625 215 (B.I.A. Aug. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.    Merits – Docket Number 13-3120(L)**

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base

a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

The IJ reasonably relied on record inconsistencies. Singh testified that members of an opposing political party had come to his family's home to threaten him in January 2010 and that police had come to threaten him the following month. However, his mother's affidavit omitted any mention of the second incident. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent."). In addition, Singh omitted from his asylum application his assertion that he lived with friends and relatives in India after being threatened. *See id.* He also failed to disclose in his application (and provided inconsistent testimony about) his arrest and conviction in the United States. *See id.* at 166 n.3 & 167. Singh did not provide a compelling explanation for any of the record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Singh's credibility, the IJ reasonably relied further on his failure to provide certain corroborating

3

evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Affidavits from Singh's mother and his political party did not corroborate his assertion that his safety was threatened twice in 2010. And Singh did not submit a statement or testimony from his cousin (who purportedly experienced the same treatment in India and fled the country at the same time) even though he admitted that he could have contacted his cousin who was also in the United States. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Therefore, we do not reach the agency's alternative burden finding.

**II.  Motion to Reopen – Docket Number 15-3021(Con)**

We have reviewed the BIA's denial of Singh's motion to reopen for abuse of discretion, and any factual findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Singh's motion to reopen was untimely

4

filed because the agency's final order of removal was entered in October 2014 and Singh did not file his motion to reopen until June 2015, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA did not err in declining to equitably toll the time period based on Singh's ineffective assistance of counsel claim.

In order to prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that the alien was prejudiced by his counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). Singh failed to satisfy either prong.

Singh argues that his former counsel was ineffective because he omitted the addresses where Singh hid in India and Singh's criminal record from Singh's asylum application. Singh continues that he was prejudiced as a result because the IJ found his testimony inconsistent with his application based on those omissions. However, Singh swore before the IJ that he was aware of the contents of his application and that it was correct. Furthermore, even if Singh's former counsel was deficient for failing to disclose the conviction (although the record indicates that Singh failed to inform counsel of it), Singh cannot demonstrate prejudice as a result because Singh

5

testified falsely that he had never been charged with a crime in the United States thereby impugning his credibility irrespective of counsel's actions. *See Rabiu*, 41 F.3d at 882-83; *see also Xiu Xia Lin*, 534 F.3d at 166-67. We also note that Singh's allegations of ineffective assistance before the IJ do not impact several of the findings that remain as valid bases for the adverse credibility determination.

Finally, Singh argues that counsel was ineffective on appeal to the BIA by failing to adequately explain the record inconsistencies or lack of corroboration. However, Singh has not demonstrated that counsel was ineffective or that he was prejudiced to this extent because, other than his conclusory assignment of error, he has not described the available explanations that should have been proffered. *See Rabiu*, 41 F.3d at 882-83.

Accordingly, because Singh failed to demonstrate that his former counsel was ineffective or establish a realistic chance that the IJ would have found him credible but for counsel's performance, the BIA did not abuse its discretion in rejecting Singh's ineffective assistance of counsel claim. *See id.*

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED,

6

and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk